UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MELANIE ANN HETHCOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-405-GMB |
| | ) |
| KILOLO KIJAKAZI,[1] Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

On March 5, 2019, Plaintiff Melanie Ann Hethcox filed an application for supplemental security income ("SSI") with an alleged disability onset date of March 5, 2019. Hethcox's application for benefits was denied on June 28, 2019. She then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on May 6, 2020 and denied Hethcox's claims on May 14, 2020. Hethcox requested a review of the ALJ's decision by the Appeals Council, which declined review on February 19, 2021. As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of May 14, 2020.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul. No further action must be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Hethcox's case is now before the court for review pursuant to 42 U.S.C. § 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of a United States Magistrate Judge. Doc. 11. Based on a review of the parties' submissions, the relevant law, and the record as a whole, the court concludes that the decision of the Commissioner is due to be affirmed.

## I. STANDARD OF REVIEW[2]

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted).

---

[2] In general, the legal standards are the same whether a claimant seeks disability insurance benefits ("DIB") or SSI. However, separate parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to reference the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in excerpted court decisions.

"Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (citing *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)).  The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987).  Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision if it applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255 F. App'x 374, 375–76 (11th Cir. 2007) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064,

1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, Hethcox must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Hethcox bears the burden of proving that she is disabled and is responsible for producing evidence sufficient to support her claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of adult disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine in sequence:

(1) Is the claimant presently unable to engage in substantial gainful activity?
(2) Are the claimant's impairments severe?
(3) Do the claimant's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform her former occupation?

4

> (5) Is the claimant unable to perform other work given her residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). "An affirmative answer to any of the above questions leads either to the next question, or, [at] steps three and five, to a finding of disability. A negative answer to any question, other than at step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

### III.  RELEVANT FACTUAL BACKGROUND

Hethcox was born on July 29, 1971, and she was 48 years old on the date of the decision. R. 66. She has a seventh-grade education and has not obtained a GED. R. 68. Hethcox lives with her daughter and son-in-law in the basement of their home. R. 72. In her disability report, Hethcox claimed that she suffers from "depression, learning disability, fatty liver, anemic, vertigo, restless leg syndrome, [and] insomnia." R. 278.

Hethcox testified that she had been receiving disability benefits, but she moved and her "representative payee failed to send [her] new address in," resulting in a discontinuation of her payments. R. 70. Hethcox then worked as a caregiver at

a nursing home called Magnolia House, where she was expected to lift her patients in and out of bed. R. 68, 70, 289.  She could not lift her patient or remember to complete all of her duties, so she quit after a few weeks. R. 69.  After Magnolia House, Hethcox worked at B&R Construction for about one week, where she washed windows, painted, and landscaped.  During that job, she had trouble carrying ladders and balancing on them. R. 68, 288.  Hethcox has not worked since she was fired from B&R Construction and has no current source of income. R. 67, 68.

During the hearing, the ALJ posed a hypothetical question to a Vocational Expert ("VE"), asking whether jobs exist in the national economy for

> an individual of Ms. Hethcox's vocational background that can perform work at the sedentary exertional level with the following limitations: no climbing of ladder, scaffolds; occasional climbing of ramps and stairs; occasional balancing; occasional stooping; no kneeling; no crouching; no crawling; occasional exposure to extreme to heat and cold; occasional exposure to moderate levels of fumes; odors, chemicals, gases; occasional exposure to vibration; should avoid all hazardous machinery; unprotected heights; no work requiring . . . uneven or slippery surfaces; also, during a regularly scheduled workday or the equivalent thereof, the individual can understand and remember short, simple, uninvolved instructions, but is unable to do so with complex tasks, should have no more than occasional contact with the general public and only occasional contact with coworkers; can deal with changes in the workplace if introduced occasionally, gradually, well-explained.

R. 78.  The VE identified three appropriate jobs based on this hypothetical question: lens inserter, final assembler, and folder. R. 78.

The ALJ considered the VE's testimony and the objective medical record to

find that Hethcox was not disabled and was capable of performing these three jobs. R. 53–55.  The ALJ specifically noted that he considered and found persuasive the opinion of Dr. Samuel Fleming that Hethcox "is capable of understanding and carrying out simple instructions but would have difficulty remembering them due to problems with delayed recall.  She seems capable of responding appropriately to supervision, coworkers and the work pressures in the work setting." R. 52, 577.

Applying the sequential evaluation process, the ALJ found that Hethcox had not engaged in substantial gainful activity from her alleged onset date through the date of decision. R. 48.  At step two, the ALJ found that Hethcox suffered from the following severe impairments: lumbar degenerative disc disease, arthritis, benign paroxysmal positional vertigo, and anxiety with post-traumatic stress disorder ("PTSD"). R. 48.  The ALJ concluded that Hethcox's obesity is a non-severe impairment. R. 49.  The ALJ considered the four areas of mental functioning known as "paragraph B" criteria in finding that Hethcox's mental impairments were not severe. R. 49.  Specifically, the ALJ found that Hethcox had a moderate limitation in all four functional areas: understanding, remembering, and applying information; interacting with others; concentrating, persisting, and maintaining pace; and adapting and managing herself. R. 49–50.

At step three, the ALJ found that Hethcox did not have an impairment or combination of impairments meeting or medically equal to the severity of any

impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 49. Before proceeding to step four, the ALJ determined that Hethcox had the Residual Functional Capacity ("RFC") to perform sedentary work as defined by 20 C.F.R. § 404.1567(b) and § 416.967(b),

> except: no climbing of ladders or scaffolds; occasional climbing of ramps and stairs; occasional balancing or stooping; no kneeling, crouching, or crawling; occasional exposure to extreme heat and cold; occasional exposure to vibration; occasional exposure to moderate levels of fumes, odors, chemicals, gases, and dusts; no exposure to hazardous machinery and unprotected heights; no work requiring walking on uneven or slippery surfaces; can understand and remember short and simple, routine, repetitive tasks, but is unable to do so with complex tasks; can have no more than occasional contact with the general public, and occasional contact with co-workers; and can deal with changes in work place, if introduced occasionally and gradually, and are well-explained.

R. 51. In reaching this opinion, the ALJ stated that he considered Hethcox's symptoms, medical opinions, and prior administrative medical findings consistent with 20 C.F.R. § 404.1520c and § 416.920c. R. 51.

The ALJ next determined that Hethcox had no past relevant work. R. 54. The ALJ then relied on the VE's testimony to conclude that jobs exist in the national economy that an individual with Hethcox's age, education, work experience, and RFC can perform. R. 55. Thus, at step five, the ALJ found Hethcox not to be disabled from March 5, 2019, the alleged onset date, through May 14, 2020, the date of the decision. R. 56.

## IV. DISCUSSION

Hethcox makes two arguments in favor of remand: (1) the ALJ did not consider whether her age made her eligible for borderline consideration under the grid rules, and (2) the ALJ's decision was not based on substantial evidence because the VE's opinion relied on inaccurate facts. Doc. 14 at 12 & 20. Both arguments fail.

### A. Borderline Age Consideration

Hethcox contends that the ALJ should have considered whether she "at age 48 and 10 months at time of decision, a former SSI recipient and with a 7th grade education and with significant severe impairments was eligible for consideration under a borderline consideration under grid rules." Doc. 16 at 2.

The ALJ must use the age category corresponding with the claimant's age. *See* 20 C.F.R. § 404.1563(b). And the claimant's "age at the time of the decision governs" the appropriate age category. *Crook v. Barnhart*, 244 F. Supp. 2d 1281, 1284 (N.D. Ala. 2003) (citation omitted). The regulations provide, in relevant part, that the Commissioner

> will use each of the age categories that applies to you during the period for which we must determine if you are disabled. We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 416.963(b). Although all courts have not interpreted this language in a uniform manner, one generally accepted rule of thumb holds that a claimant may be on the borderline of an age category if "'the individual was within six months of the next category.'" *Woods v. Astrue*, 2013 WL 6150824, at *7 (N.D. Ala. Nov. 22, 2013) (finding that the claimant was "closely approaching advanced age," not "advanced age," because he was more than twelve months from reaching the minimum age for the "advanced age" category); *Crook v. Barnhart*, 244 F. Supp. 2d 1281, 1284 (N.D. Ala. 2003) (citing cases where 48 days to three months from the minimum age were considered borderline and others where seven to ten months were not considered borderline).

On May 14, 2020, the date of the ALJ's decision, Hethcox was 48 years, 9 months, and 15 days old—more than 14 months from the age of 50, the cutoff for the next category. Under any reasonable interpretation this does not equate to § 416.963(b)'s suggested age gap of "a few days to a few months." Simply put, Hethcox's age at the time of the decision did not justify borderline age consideration. *See Crook*, 244 F. Supp. 2d at 1284; *Woods*, 2013 WL 3150824 at *7. The ALJ thus did not err in deciding against a borderline age consideration.

**B.     Substantial Evidence**

Hethcox next argues that the ALJ lacked substantial evidence to find that she was not disabled because the VE's testimony assumed inaccurate facts. Doc. 14 at

20–22; Doc. 16 at 12–13.  Hethcox bears the burden of showing that the ALJ lacked substantial evidence to support his findings. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (noting that the claimant has the burden of providing evidence in support of her claim).  For VE testimony "to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002); *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).  Hypothetical questions are adequate where they specifically reference the claimant's functional impairments as demonstrated by the medical evidence or where the impairments are not significant enough to affect the claimant's ability to work. *See Carter v. Comm'r of Soc. Sec.*, 411 F. App'x 295, 298 (11th Cir. 2011) (finding that the ALJ did not reversibly err by omitting specific reference in hypothetical to claimant's mental impairment, which was deemed mild by the examining psychologist, since under the circumstances the ALJ appropriately found it did not affect his ability to work).

Hethcox contends that the hypotheticals posed to the VE were deficient because they did not "include [her] difficulty remembering due to problems with delayed recall as confirmed by Dr. Fleming." Doc. 14 at 21.[3]  This argument is not

---

[3] Hethcox also makes the general assertion that the ALJ "did not fully state claimant's impairments and limitations" (Doc. 14 at 21) but does not point to any other impairments or limitations that the ALJ omitted.  The court will not guess at what other impairments or limitations the ALJ could have included in the hypothetical.

supported by the record. Instead, the ALJ included Dr. Fleming's assessment that Hethcox is "capable of understanding and carrying out simple instructions" and "would have difficulty remembering [instructions] due to problems with delayed recall" in the hypotheticals posed to the VE and in the RFC assessment. R. 50–51, 77, 577. Specifically, the hypothetical to the VE included the limitations that "the individual can understand and remember short, simple, uninvolved instructions, but is unable to do so with complex instructions"; and "can do simple, routine, repetitive tasks, but is unable to do so with complex tasks." R. 78. These limitations adequately reflects Dr. Fleming's assessment. *See Kunz v. Comm'r of Soc. Sec.*, 539 F. App'x 996, 996–97 (11th Cir. 2013) (finding that hypothetical questions "need only include the claimant's impairments, not each and every symptom of the claimant."). This argument does not support remand.

## V. CONCLUSION

For these reasons, the court concludes that the Commissioner's decision is supported by substantial evidence and based upon the proper legal standards. Therefore, the decision of the Commissioner is due to be affirmed. A final judgment will be entered separately.

DONE and ORDERED on September 13, 2022.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE